FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 01 2016   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
POWER UP LENDING GROUP, LTD.

        Plaintiff,

-against-

NORTH AMERICAN CUSTOM SPECIALTY
VEHICLES, INC. A DE CORPORATION D/B/A
NACS VEHICLES, INC. A SUBSIDIARY OF
GLOBAL DIGITAL AND GLOBAL DIGITAL
SOLUTIONS, INC. AND JEROME J.
GOMOLSKI,

        Defendants.
---------------------------------------------------------------x

Civil Action No.:

**CV 16 1025**

**SPATT, J.**

**SHIELDS, M.J.**

## COMPLAINT

Plaintiff, POWER UP LENDING GROUP, LTD. ("Plaintiff"), files this Complaint and alleges the following:

### I. SUMMARY

1. Plaintiff brings this action for damages caused by the conduct of defendants North American Custom Specialty Vehicles, Inc. a DE Corporation d/b/a NACS Vehicles, Inc. ("North American"), defendant Global Digital Solutions, Inc. ("Global") (both of which are collectively referred to herein from time to time as "the Corporate Defendants") and defendant Jerome J. Gomolski ("Gomolski") (collectively, jointly and severally, "the Defendants"). Through this action, Plaintiff seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory damages.

2. That at all relevant times, Gomolski has been and remains President and Chief Financial Officer both of North American and Global.

3. Plaintiff's business strategy at the time of the transaction at issue was to invest in small companies such as the Corporate Defendants that are often capital constrained, and to purchase their accounts receivable as their lack of credit and liquidity hinders their access to banks or other conventional lenders. The Plaintiff provides capital to such companies with the transactions to be secured as described below.

4. That Plaintiff purchased $145,000 of accounts receivable from the Corporate Defendants which has not been repaid, and has sustained damages in excess of $109,302.79 exclusive of attorney's fees, pre judgment interest and costs.

## II.     JURISDICTION AND VENUE

5. Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties committed by the Defendants occurred within this judicial district. Additionally, Plaintiff transacts business and maintains its principal place of business in this district.

7. That in connection with the acts alleged in this Complaint, the Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and other interstate communications.

## PARTIES

8. That at all times relevant herein, Plaintiff has been and remains a corporation organized and existing under the laws of the State of Virginia, authorized to do business in the State of New York, with an office for business in the State of New York, County of Nassau.

9. That at all times relevant herein, North American has been and remains a corporation organized and existing under the laws of the State of Delaware, with an office for business in the State of Florida, County of Palm Beach.

10. That at all times relevant herein, defendant Jerome J. Gomolski (hereinafter "the Individual Defendant") has been and remains a residents of the State of Florida, County of Palm Beach.

11. That at all times relevant herein, defendant Global has been and remains a New Jersey corporation with an office in the State of Florida, County of Palm Beach.

### III. FACTUAL ALLEGATIONS

12. That heretofore and from time to time, the Defendants have materially breached their contractual obligations to the Plaintiff, and have also defrauded the Plaintiff causing the Plaintiff to sustain substantial damages.

13. That as a result of these material breaches of contract and material misrepresentations, the Plaintiff has sustained damages of at least $109,303.79.

### AS AND FOR A FIRST CAUSE OF ACTION
### FACTORING AGREEMENT DEFAULTS

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth at length herein.

15. That on or about October 1, 2015, North American, as borrower, made, executed and delivered to Plaintiff a factoring agreement in the amount of $76,700, with an initial advance

amount of $59,000, a repayment amount of $76,700 and a specific daily repayment amount of $456.55, and that provided for 168 daily payments. The Agreement was guaranteed by Global on its face.

16. That the Agreement provided that venue for any action between the parties would be in an approved forum at the option of the Plaintiff, and that North American would waive any objection to jurisdiction and/or venue.

17. That as described above, the Agreement provided that the repayment amount would be paid to the Plaintiff via "ACH", to wit, automatically and electronically by withdrawing the daily amount of $456.55 from a designated bank account to be maintained by North American, which daily amount would then be transmitted to the Plaintiff's designated bank account.

18. That the Agreement further provided that in the event that North American failed to electronically remit the daily amount of $456.55 to the Plaintiff via the ACH method, on more than three occasions, that North American would automatically be in default under the Agreement and that the Plaintiff would thereafter be entitled to exercise all of its remedies thereunder, including the immediate repayment of the repayment amount and an additional charges and fees as described therein.

19. That on February 5, 2016 and continuing thereafter, North American failed to make the required daily payments on each day thereby defaulting under the Agreement.

20. That as a result, North American fell into default under the Agreement, and the Plaintiff is therefore entitled to exercise all of its remedies thereunder.

21. That as the date hereof, North American has repaid only $27,849.55 of the repayment amount, leaving a balance due thereunder of $48,850.45.

22. That further, and again pursuant to the terms and conditions of the Agreement, North American owes an additional $5,000 as a default fee for having defaulted under the Agreement and an additional $2,500 as a bank default charge for having impeded the authorized ACH process, all in violation of the Agreement.

23. That North American owes the Plaintiff the sum of $56,350.45 for money advanced by Plaintiff to North American on October 1, 2015 and that North American has failed to pay, despite due demand.

24. That as a result of the foregoing, the Plaintiff is entitled to judgment against North American for the sum of $56,350.45.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF SECURITY AGREEMENT AND GUARANTY

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth at length herein.

26. That in order to secure repayment under the Agreement, and as an express condition thereto, Global, together with North American, also executed and delivered to the Plaintiff a Security Agreement and Guaranty on October 1, 2015 which conferred a security interest in favor of the Plaintiff in the collateral of North American, including all accounts, chattel paper, cash, equipment, inventory and investment property.

27. That the Plaintiff properly and timely perfected its security interests in all of the foregoing collateral, thereby obtaining a perfected security interest in the collateral pursuant to Article 9 of the Uniform Commercial Code.

28. That by reason of the foregoing, the Plaintiff is entitled to foreclose on its perfected security interests and to have all such collateral sold or otherwise disposed of in conformity with Article 9 of the Uniform Commercial Code.

### AS AND FOR A THIRD CAUSE OF ACTION
### PERSONAL GUARANTY

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth at length herein.

30. That pursuant to the Security Agreement and Guaranty, Global personally guaranteed payment of all amounts due to the Plaintiff under the Loan Agreement.

31. That neither North American nor Global have paid the amount due to the Plaintiff, despite due demand for same.

32. That by reason of the foregoing, Plaintiff is entitled to judgment against Global for $56,350.45.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT – LITIGATION EXPENSES

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth at length herein.

34. That the Agreement and the Security Agreement and Guaranty provide that in the event of a default, the Plaintiff shall be entitled to recover all of its reasonable costs associated with such default including but not limited to court costs and reasonable attorneys fees, and Plaintiff is entitled to judgment for an amount of such fees and expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION – FRAUD

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth at length herein.

36. That prior to the making of the Agreement referenced above, North American, Global and the Individual Defendant provided the Plaintiff with documentation reflecting that North American would be able to repay the amount advanced by the Plaintiff in conformity with the Agreement.

37. That among these documents was financial information, asset information, and alleged receipts of income and banking records.

38. That the information provided by the Defendants was false and known by the Defendants to be false at the time that the information and documentation was provided.

39. That the Plaintiff relied upon the misrepresentation of the Defendants in making the advancements and entering into the Agreement and would not have advanced these funds but for these false misrepresentations.

40. That the Plaintiff was damaged by these misrepresentations by advancing $59,000 to the Defendants, only $27,849.55 which has been repaid, such that Plaintiff has suffered damages of $56,350.45.

41. That the Plaintiff is entitled to judgment against all of the Defendants in the sum of $56,350.45.

42. That by reason of the foregoing, Plaintiff is entitled to a judgment against Defendants for $56,350.45 plus interest.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FACTORING AGREEMENT DEFAULT

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth at length herein.

44. That on or about October 23, 2015, North American, as borrower, made, executed and delivered to Plaintiff a factoring agreement in the amount of $69,000, with an initial advance amount of $50,000, a repayment amount of $69,000 and a specific daily repayment amount of $547.62, and that provided for 126 daily payments. The Agreement was guaranteed by Global on its face.

45. That the Agreement provided that venue for any action between the parties would be in an approved forum at the option of the Plaintiff, and that North American would waive any objection to jurisdiction and/or venue.

46. That as described above, the Agreement provided that the repayment amount would be paid to the Plaintiff via "ACH", to wit, automatically and electronically by withdrawing the daily amount of $547.62 from a designated bank account to be maintained by North American, which daily amount would then be transmitted to the Plaintiff's designated bank account.

47. That the Agreement further provided that in the event that North American failed to electronically remit the daily amount of $547.62 to the Plaintiff via the ACH method, on more than three occasions, that North American would automatically be in default under the Agreement and that the Plaintiff would thereafter be entitled to exercise all of its remedies thereunder, including the immediate repayment of the repayment amount and an additional charges and fees as described therein.

48. That on February 5, 2016 and continuing thereafter, North American failed to make the required daily payments on each day thereby defaulting under the Agreement.

49. That as a result, North American fell into default under the Agreement, and the Plaintiff is therefore entitled to exercise all of its remedies thereunder.

50. That as the date hereof, North American has repaid only $23,547.66 of the repayment amount, leaving a balance due thereunder of $45,452.34.

51. That further, and again pursuant to the terms and conditions of the Agreement, North American owes an additional $5,000 as a default fee for having defaulted under the Agreement and an additional $2,500 as a bank default charge for having impeded the authorized ACH process, all in violation of the Agreement.

52. That North American owes the Plaintiff the sum of $52,952.34 for money advanced by Plaintiff to North American on October 23, 2015 and that North American has failed to pay, despite due demand.

53. That as a result of the foregoing, the Plaintiff is entitled to judgment against North American for the sum of $52,952.34.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### BREACH OF SECURITY AGREEMENT AND GUARANTY

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth at length herein.

55. That in order to secure repayment under the Agreement, and as an express condition thereto, Global, together with North American, also executed and delivered to the Plaintiff a Security Agreement and Guaranty on October 23, 2015 which conferred a security

interest in favor of the Plaintiff in the collateral of North American, including all accounts, chattel paper, cash, equipment, inventory and investment property.

56. That the Plaintiff properly and timely perfected its security interests in all of the foregoing collateral, thereby obtaining a perfected security interest in the collateral pursuant to Article 9 of the Uniform Commercial Code.

57. That by reason of the foregoing, the Plaintiff is entitled to foreclose on its perfected security interests and to have all such collateral sold or otherwise disposed of in conformity with Article 9 of the Uniform Commercial Code.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### PERSONAL GUARANTY

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth at length herein.

59. That pursuant to the Security Agreement and Guaranty, Global personally guaranteed payment of all amounts due to the Plaintiff under the Agreement.

60. That neither North American nor Global have paid the amount due to the Plaintiff, despite due demand for same.

61. That by reason of the foregoing, Plaintiff is entitled to judgment against Global for $52,952.34.

### AS AND FOR A NINTH CAUSE OF ACTION
### BREACH OF CONTRACT – LITIGATION EXPENSES

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth at length herein.

63. That the Agreement and the Security Agreement and Guaranty provide that in the event of a default, the Plaintiff shall be entitled to recover all of its reasonable costs associated with such default including but not limited to court costs and reasonable attorneys fees, and Plaintiff is entitled to judgment for an amount of such fees and expenses.

### AS AND FOR A TENTH CAUSE OF ACTION – FRAUD

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth at length herein.

65. That prior to the making of the Agreement referenced above, North American, Global and the Individual Defendant provided the Plaintiff with documentation reflecting that North American would be able to repay the amount advanced by the Plaintiff in conformity with the Agreement.

66. That among these documents was financial information, asset information, and alleged receipts of income and banking records.

67. That the information provided by the Defendants was false and known by the Defendants to be false at the time that the information and documentation was provided.

68. That the Plaintiff relied upon the misrepresentation of the Defendants in making the advancements and entering into the Agreement and would not have advanced these funds but for these false misrepresentations.

69. That the Plaintiff was damaged by these misrepresentations by advancing $50,000 to the Defendants, only $23,547.66 which has been repaid, such that Plaintiff has suffered damages of $52,952.34.

70. That the Plaintiff is entitled to judgment against all of the Defendants in the sum of $52,952.34..

71. That by reason of the foregoing, Plaintiff is entitled to a judgment against Defendants for $52,952.34 plus interest.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(i) For $56,350.45 on the First Cause of Action;

(ii) For foreclosure of Plaintiff's security interests against the collateral of North American on the Second Cause of Action;

(iii) For $56,350.45 on the Third Cause of Action;

(iv) Awarding Plaintiff its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v) For $56,350.45 on the Fifth Cause of Action; and

(vi) For $52,952.34 for the Sixth Cause of Action;

(vii) For foreclosure of Plaintiff's security interests against the collateral of North American on the Seventh Cause of Action;

(viii) For $52,952.34 on the Eighth Cause of Action;

(ix) Awarding Plaintiff its reasonable legal fees and costs of litigation on the Ninth Cause of Action;

(x) For $52,952.34 for the Tenth Cause of Action;

(xi) Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Agreement; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       March 1, 2016

                                            NAIDICH WURMAN LLP
                                            Attorneys for Plaintiff

                                            By: _____
                                            Richard S. Naidich, Esq. (RSN 4102)
                                            111 Great Neck Road, Suite 214
                                            Great Neck, NY 11021
                                            Telephone:   516-498-2900
                                            Facsimile:    516-466-3555

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK          Civil Action No.:

POWER UP LENDING GROUP, LTD.,

                        Plaintiff,

       -against-

NORTH AMERICAN CUSTOM SPECIALTY VEHICLES, INC. A DE CORPORATION D/B/A NACS VEHICLES, INC. A SUBSIDIARY OF GLOBAL DIGITAL AND GLOBAL DIGITAL SOLUTIONS, INC. AND JEROME J. GOMOLSKI,

                        Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: March 1, 2016          Signature: _____
                                               Print: Richard S. Naidich, Esq.

Service of a copy of the within          is hereby admitted.
Dated:
                                                 Attorney(s) for

PLEASE TAKE NOTICE

NOTICE     that the within is a (certified) true copy of an Order entered
OF ENTRY  in the office of the clerk of the within named Court on          , 20_____.

NOTICE OF    that an Order of which the within is a true copy will be presented for
SETTLEMENT settlement to the Hon.          , one of the judges of
               within named Court, at          on          , 20_____ at
               a.m.

DATED: Great Neck, New York
           March 1, 2016        NAIDICH WURMAN LLP
                                      Attorneys for Plaintiff
                                      111 Great Neck Road - Suite 214
                                      Great Neck, New York 11021
                                      (516) 498-2900